BANKERS' MONEY ORDER ASS'N v. NACHOD et al.

(Supreme Court, Appellate Division, First Department.   October 23, 1908.)

NEW TRIAL (§ 100*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence, showing that a letter tending strongly to impeach plaintiff's witness, if written by him, which he denied, and to sustain defendants' claim, was in fact written by plaintiff's witness, was ground of new trial, where defendants, being unable upon the trial to show the authorship of the letter, were subjected to the charge that it was written at the instance of one of them, who was then president of plaintiff, and the claim was made that it was written in defendants' interest, and was so understood by the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 200–204; Dec. Dig. § 100.*]

Appeal from Special Term.

Action by the Bankers' Money Order Association against Friedrich Nachod and others.   Judgment for plaintiff, and from an order denying a new trial on the ground of newly discovered evidence, defendants appeal.   Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Morgan J. O'Brien (Antonio Knauth, George T. Hogg, and Harry W. Alden, on the brief), for appellants.

Charles F. Brown (James R. Ely, Charles Stewart Davison, and Andrew J. Dewey, on the brief), for respondent.

LAUGHLIN, J.   This appeal by defendants is from an order denying their motion for a new trial upon newly discovered evidence. It is the same action in which an appeal from an order denying a motion for a new trial on the minutes of the court and from the judgment were argued and are to be decided herewith.   The nature of the action and the material facts developed on the trial are stated in my opinion delivered on the other appeal (112 N. Y. Supp. 721), and need not be restated.

The learned trial justice was of opinion that the case turned on whether the testimony of Goodall, the promoter of the plaintiff, who remained largely interested in the corporation, or the testimony of the defendant Kuhne with respect to what was said at the meeting of the board of directors of the plaintiff held on the 4th day of June, 1901, was accepted by the jury, and the jury were so repeatedly instructed.   In the main charge the jury were several times instructed, in substance, that if defendant Kuhne, acting for his firm, said or authorized to be said at that meeting that they would take and subscribe or pay for the entire issue of preferred stock—which was testified to positively by Goodall only—then plaintiff was entitled to a verdict; but that if Kuhne merely promised, in effect, that they would, with the aid of the syndicate, assist plaintiff, or agreed in behalf of the underwriters to subscribe for the stock not sold to banks—which is the effect of Kuhne's testimony—and would make the subscription a guar-

anty, then the plaintiff could not recover.  After the jury returned into court unable to agree, and were urged by the court at some length to make another effort to agree, and the jurors had then asked some questions and received further instructions, and one of the jurors had asked for further instructions on the point as to whether the $100,000 was to be paid in cash, the court said:

"You really have to determine whether it was as testified to by Mr. Kuhne, or whether it was as testified to by Mr. Goodall.  I think that is about as clear a way as I can put the vital question before you.  Do you accept Mr. Kuhne's statement, or do you accept Mr. Goodall's?  It is evident that one or the other is mistaken.  Which of them is mistaken?  That is the question for you to determine.  If you accept Mr. Kuhne's statement, you will render a verdict in favor of the defendant.  If you accept Mr. Goodall's statement, you will render a verdict in favor of the plaintiff."

In answer to a further question, this was reiterated; the court informing the jury in effect that Goodall had testified that Kuhne agreed that his firm would take all of the preferred stock and pay for it in cash, and that Kuhne denied that such was the agreement.  It is undisputed that two days after the meeting in question of June 4th, a letter, known as "Exhibit Q," was written on the letter head of the plaintiff under that date and addressed and mailed to each member of the board of directors, including defendant Kuhne, reciting that at the special meeting of the board, held on the 4th inst., the resignation of Director Coler was accepted and the defendant Kuhne was elected in his place, and further reciting as follows:

"It was the sense of the board of directors that the preferred stock of the association be offered in amounts of five shares and under to the banks of the country.  Subscriptions to the same to be received by Messrs. Kanuth, Nachod & Kuhne, New York.  It is the intention to commence business on July 1st, when the war revenue tax of two cents on money orders is abolished. A special meeting of the board is called for the 17th inst., at 3:30 o'clock, to be held at the office of Messrs. Alexander & Colby, No. 120 Broadway, for the purpose of electing a new secretary and to approve the new by-laws.  Our treasurer, Mr. Edwin Goodall, will deliver an address before the North Carolina Bankers' Association June 21st, on the subject of 'The Plans and System of the Bankers' Money Order Association.'
"By order of the President.          Anthony Stumpf, Secretary.  (G.)"

The initial was omitted from some of the letters.  This letter forms the basis of the motion for a new trial on newly discovered evidence. The initial at the end of the letter received by Kuhne looked like the letter "S," and defendants went to trial upon the theory that it was written by Stumpf; but on taking the witness stand he denied that he wrote it, and Goodall also in effect denied that he wrote it.  The newly discovered evidence shows that it was written by Goodall.  The recital in the letter, if written by him, tends strongly to impeach his testimony with respect to what occurred at the meeting of June 4th, and to sustain the claim of the defendants concerning the same.  The defendants, being unable upon the trial to show the authorship of the letter, were subjected to the charge that it was written at the instance of the defendant Kuhne, who was then president of plaintiff, and the claim was made that it was written in the interest of the defendants, and it was evidently so understood by the jury; for after-

they retired the officer in charge of them came into court and said that they wanted "the letter which the defendant wrote to himself."

Upon the trial the plaintiff evidently laid stress upon the recital in the letter, "By order of the President," and urged the jury to believe that all of the contents of the letter was written by his direction. The explanation of defendants' inability to show upon the trial who wrote the letter might be more complete and satisfactory, and in a doubtful case greater diligence would be required; but as there can be but little doubt that the defendants were prejudiced by Goodall's denial of any knowledge concerning the letter, which if the newly discovered evidence be true was written by himself and flatly contradicts him with respect to what occurred at the meeting and on the vital point, the motion should have been granted on such terms as would reimburse plaintiff for the costs and disbursements which were thus rendered fruitless.

The order should therefore be reversed, with costs; but, since the verdict is to be set aside and a new trial granted on the other appeal, this appeal required decision only to settle the liability for costs, and the motion need not now be granted, and it is therefore unnecessary to decide upon what terms it should have been granted.

The order should be reversed, with $10 costs and disbursements.

CLARKE and HOUGHTON, JJ., concur. INGRAHAM and SCOTT, JJ., concur in result.